**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X  Chapter 7
IN RE:
    MARLENE CAMACHO                Case No. 12-43472 (CEC)
    DIEGO CAMACHO

              Debtors.

-------------------------------------------------------X
GREGORY MESSER, ESQ. as Trustee of
The Estate of Marlene Camacho
and Diego Camacho,                          Adv. Pro. No.  12-01318

              Plaintiff,

--against—


JORGE H. CAICEDO
& NATASH CAICEDO,

              Defendants.

-------------------------------------------------------X

## **JURY TRIAL UNDER ARTICLE III DEMANDED**

## **ANSWER TO THE COMPLAINT**

(FILED FOR ADJUDICATION UNDER ARTICLE III)

# **Statement regarding jurisdiction of Bankruptcy Court over the Defendant:**

Respectfully, this bankruptcy unit of the Eastern District of New York, as constituted under 28 U.S.C. § 151 and presided over by judicial officer of this district, does not have jurisdiction over the dispute and defendants. Bankruptcy Trustee's power to avoid a fraudulent conveyance is "more accurately characterized as a 'private rather than 'public right'" as these terms are used in "Article III

decisions." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 55 (1989). Further, if a cause of action "is not a 'public right' for Article III purposes, then Congress may not assign its adjudication to a special non-Article III court lacking 'the essential attributes of the judicial power.'" Id. at 53 (quoting *Crowell v. Benson*, 285 U.S. 22, 51 (1932)). This private right does not fall within the narrow categories of "exceptional" grant of power to the executive and legislative branch involving territorial courts, military tribunals and public rights as identified by Supreme Court. *Northern Pipeline Constr. Co. v. Marathon Pipeline Co*. 458 U.S. 50 (1982). Private right issues [only those constitutionally delegable], cannot be assigned to non-Article III tribunals for adjudication without the express consent of the litigants. *Commodity Futures Trading Comm'n v. Schor* 478 U.S. 833 (1986).

Further, upon request for a jury trial, the bankruptcy court cannot continue to assume jurisdiction on the underlying action, as Seventh Amendment is a bar to assignment of such rights issues to a non-Article III tribunal. See also McCarthy v. Bronson, 500 U.S. 136, 144 (1991)(approving of statutory construction that would not authorize a claim to be referred to a magistrate when a right to jury trial is asserted). The underlying dispute is couched in state based causes of action, and as Seventh Amendment bars congressional assignment of adjudicatory authority over state-law claims to administrative agency, this case must be adjudicated by an Article III court, thus bankruptcy court cannot assume jurisdiction on the issue. See *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp*. 489 U.S. 561, 578 (1989). Motion for withdrawal of reference shall be shortly filed

delineating the grounds for such objection to jurisdiction and why this matter could not have been referred under 28 U.S.C. 157 and is void as it does not pass constitutional muster.

Continued assumption of jurisdiction over the dispute by the bankruptcy court under any existing rule including bankruptcy Rule 5011 of the federal rules is not tenable. Firstly the fraudulent conveyance action is a plenary proceeding that is related to and is not a core administration of the case proceeding. Secondly a construct assuming jurisdiction shall violate the substantive right to be heard by an article III judge. 28 U.S.C. 2075. Rule 5011 safeguards exercise of auxiliary judicial power only to the extent that underlying exercise of jurisdiction is constitutional and does not violate separation of power.

**FACTUAL BACKGROUND.**

The Debtor Marlene Camacho was supposed to be holding property in trust for the beneficiaries of the Will of Ms. Ana Sotto executed on June 21, 2004 wherein Marlene Camacho was appointed as the executor. Ms. Ana Sotto interest was as per the Will's provisions is to be transferred as Fifty (50) Percent to grandchildren Jose soto and Luz Madia Soto as joint tenants with right of survivorship and another 50% similarly to be vested with Jorge Antonio Caicedo and Natasha Caicedo (Jorge's children) as joint tenants with right of survivorship. The debtor held the property in trust for the grandchildren of her mother and thus transferred share is not

property of the estate. Further, the debtor mortgaged the property to procure a loan of $200,000 (solely used by the debtor) without the defendant Jorge Caicedo's consent and in breach of the trust imposed upon her.

**ANSWER**

**Filing of this answer and or counterclaim is not a consent to the jurisdiction of the bankruptcy court**, but is being filed for adjudication by an Article III judge as the Defendant Natasha Caicedo invokes the right to be heard by an Article III Judge.

Karamvir Dahiya, Esq. of Dahiya Law Offices LLC appearing for Natasha Caicedo ("Natasha") answer the complaint as follows:

1. For Paragraph 1 of the Complaint, Natasha admits the provisions of bankruptcy code and New York State Debtor and Creditors under which this proceeding is commenced, however it is denied that the Bankruptcy Court has general equitable powers.

2. For Paragraph 2 of the Complaint, Natasha denies that the Bankruptcy Court has jurisdiction over this action.

3. For Paragraph 3 of the Complaint, Natasha admits that this is a proceeding labeled as core under 28 U.S.C. § 157 (b)(2)(A), (E), (H), (N) and (O),

however denies it as providing jurisdiction to the bankruptcy court exercising such powers as enumerated as under said sections regarding this dispute.

4.  For Paragraph 4 of the Complaint, Natasha denies this Court as the proper venue for this proceeding as it does not have jurisdiction over the dispute.

5.  For Paragraphs 5 of the Complaint, Natasha lacks sufficient knowledge or information to determine the truth of the allegations.

6.  For Paragraphs 6 of the Complaint, Natasha lacks sufficient knowledge or information to determine the truth of the allegations.

7.  For Paragraphs 7 of the Complaint, Natasha lacks sufficient knowledge or information to determine the truth of the allegations.

8.  For Paragraph 8 of the Complaint, Natasha admits it content.

9.  For Paragraph 9 of the Complaint, Natasha admits it content.

10. For Paragraph 10 of the Complaint, Natasha admits it content.

11. For Paragraph 11 of the Complaint, Natasha admits it content.

12.     For Paragraph 12 of the Complaint, Natasha admits it content.

13.     For Paragraph 13 of the Complaint, Natasha admits it content.

14.     For Paragraph 14 of the Complaint, Natasha denies that the Plaintiff is authorized to file this action.

15.     For Paragraph 15 of the Complaint, Natasha admits it content.

16.     For Paragraph 16 of the Complaint, Natasha admits it content.

17.     For Paragraph 17 of the Complaint, Natasha admits it content.

18.     For Paragraph 18 of the Complaint, Natasha admits it content.

19.     For Paragraph 19 of the Complaint, Natasha denies it content and admits to the extent that some mortgages were taken out and some of them are still outstanding.

20.     For Paragraph 20 of the Complaint, Natasha admits it content.

21.     For Paragraph 21 of the Complaint, Natasha admits it content.

22. For Paragraph 22 of the Complaint, Natasha admits it content.

23. For Paragraph 23 of the Complaint, Natasha admits it content.

24. For Paragraph 24 of the Complaint, Natasha admits it content.

25. For Paragraph 25 of the Complaint, Natasha cannot formulate an adequate response as the statement is vague.

26. For Paragraph 26 of the Complaint, Natasha admits the presence of a deed, however denies personal knowledge as to the presence of the debtor at the execution of the deed.

27. For Paragraph 27 of the Complaint, Natasha admits it content.

28. For Paragraph 28 of the Complaint, Natasha lacks sufficient knowledge or expertise to respond to such legal conclusion adequately.

29. For Paragraph 29 of the Complaint, Natasha admits it content.

30. For Paragraph 30 of the Complaint, Natasha denies it content.

31. For Paragraph 31 of the Complaint, Natasha denies any personal knowledge of contents of its content, other than that Anna Soto had executed an Will which directed transfer of her shares to her grand children according to its terms.

32. For Paragraph 32 of the Complaint, Natasha admits it content.

33. For Paragraph 33 of the Complaint, Natasha denies its content for lack of knowledge further as according to the terms of the Will, the Anna Sotto share could not have been transferred to the debtor.

34. For Paragraph 34 of the Complaint, Natasha denies it content for lack of knowledge.

35. For Paragraph 35 of the Complaint, Natasha admits it content.

36. For Paragraph 36 of the Complaint, Natasha denies it content for lack of knowledge, however points out that Marlene cannot claim such ownership as the property was held in trust by her to be transferred to the beneficiaries of the Will.

37. For Paragraph 37 of the Complaint, Natasha denies it content.

38. For Paragraph 38 of the Complaint, Natasha denies it content.

39. For Paragraph 39 of the Complaint, Natasha denies it content.

40. For Paragraph 40 of the Complaint, Natasha denies it content for lack of information.

41. For Paragraph 41 of the Complaint, Natasha denies it content for lack of information.

42. For Paragraph 42 of the Complaint, Natasha denies it content.

43. For Paragraph 43 of the Complaint, Natasha denies it content for lack of information.

44. For Paragraph 44 of the Complaint, Natasha denies its content.

45. For Paragraph 45 of the Complaint, Natasha denies it content for lack of information.

46. For Paragraph 46 of the Complaint, Natasha admits.

47. For Paragraph 47 of the Complaint, Natasha denies it content imputing benefits of Defendant when it was the entitlement of the defendants.

48. For Paragraph 48 of the Complaint, Natasha denies it content for lack of information.

49. For Paragraph 49 of the Complaint, Natasha denies it content.

50. For Paragraph 50 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

51. For Paragraph 51 of the Complaint, Natasha denies it content.

52. For Paragraph 52 of the Complaint, Natasha denies it content.

53. For Paragraph 53 of the Complaint, Natasha denies it content for lack of information.

54. For Paragraph 54 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

55. For Paragraph 55 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

56. For Paragraph 56 of the Complaint, Natasha denies it content.

57. For Paragraph 57 of the Complaint, Natasha denies it content for lack of knowledge.

58. For Paragraph 58 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

59. For Paragraph 59 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

60. For Paragraph 50 of the Complaint, Natasha denies it content.

61. For Paragraph 61 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

62. For Paragraph 62 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

63. For Paragraph 63 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

64. For Paragraph 64 of the Complaint, Natasha denies it content as defendant Natasha lacks sufficient knowledge or expertise to respond to such legal conclusions.

65. For Paragraph 65 of the Complaint, Natasha denies it content.

66. For Paragraph 66 of the Complaint, Natasha denies it content.

67. For Paragraph 67 of the Complaint, Natasha denies it content.

68. For Paragraph 68 of the Complaint, Natasha denies it content.

69. For Paragraph 69 of the Complaint, Natasha denies it content.

70. For Paragraph 70 of the Complaint, Natasha denies it content.

71. For Paragraph 71 of the Complaint, Natasha denies it content.

72. For Paragraph 72 of the Complaint, Natasha denies it content.

73. For Paragraph 73 of the Complaint, Natasha denies it content.

74. For Paragraph 74 of the Complaint, Natasha denies it content and re-emphasize that the property is not property of the estate.

75. For Paragraph 75 of the Complaint, Natasha denies it contents.

76. For Paragraph 76 of the Complaint, Natasha denies it content.

77. For Paragraph 77 of the Complaint, Natasha denies it content.

78. For Paragraph 78 of the Complaint, Natasha denies it content.

79. For Paragraph 79 of the Complaint, Natasha denies it content as the sale is not warranted and no cause exist for such sale.

80. For Paragraph 80 of the Complaint, Natasha denies it content.

81. For Paragraph 81 of the Complaint, Natasha denies it content.

82. For Paragraph 50 of the Complaint, Natasha denies it content.

83. For Paragraph 83 of the Complaint, Natasha admits it content.

84. For Paragraph 84 of the Complaint, Natasha denies it content.

85. For Paragraph 85 of the Complaint, Natasha denies it content.

II

AFFIRMATIVE DEFENSE

**FIRST DEFENSE**

86. The bankruptcy court does not have jurisdiction on this subject matter, dispute and the party defendants.

**SECOND DEFENSE.**

87. The bankruptcy court lacks personal jurisdiction.

**THIRD DEFENSE**

88. The property transferred is not property of the estate. The debtor had property in trust for benefits of the beneficiaries of the Will of Anna Sotto.

**FOURTH DEFENSE.**

89.     Additionally and/or alternatively, the Plaintiff fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

90.     Additionally and/or alternatively, the plaintiff was neither insolvent nor rendered insolvent as a result of transfer.

**SIXTH DEFENSE.**

91.     Additionally and/or alternatively, the debtor and or defendant lacked any intent to defraud the creditors.

**SEVENTH DEFENSE**

92.     Additionally and/or alternatively, the Defendant by way of affirmative defense pleads accord and satisfaction as the debtor had mortgaged the property and took out a loan of $200,000 without Jorge Caicedo' consent, though he never relinquished his interest in the property. Further, the debtor had the obligation to

not to encumber that property interest which she held as a fiduciary, unless it was important for the benefits of the Will beneficiaries.

### EIGHT DEFENSE

89.     Additionally, and/or alternatively,  and by way of affirmative defense, Natasha pleads payment.

### NINTH DEFENSE

90.     Additionally, and/or alternatively, and by way of affirmative defense, Natasha pleads release.

### TENTH DEFENSE

91.     Natasha affirmatively alleges that its receipt of the transfer of property was in good faith.

### ELEVENTH DEFENSE

92.     Natasha affirmatively alleges that its receipt of funds was without knowledge of the voidability of the transfer.

**TWELTH DEFENSE**

93.    Plaintiff's Complaint is barred by the doctrines of waiver and estoppel.

**THIRTEENTH DEFENSE**

94.    Marlene Camacho did not receive less than a reasonably equivalent value in exchange for the transfer and obligations which are the subject of this Complaint.

**FOURTEENTH DEFENSE**

95.    The transfers and the obligations which are the subject of this Complaint were not made with actual intent to hinder, delay, or defraud any entity or individual to which the debtor was indebted , or became indebted, on or after the date that such transfer were made or such obligations were incurred.

**FIFTEENTH DEFENSE**

96.    The Defendants gave value for the transfers and obligations which are the subject of this Complaint and received such interests in good faith and have a lien on, and may retain their interests in, such transfers and may enforce such obligations incurred

**SIXTEENTH DEFENSE**

97. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands and *in pari-delicto* and further that Marlene Camacho violated fiduciary duty and abused the trust imposed upon by the family members including the defendant.

**SEVENTEENTH DEFENSE**

98. Debtor's transfer of exempt asset is not a fraudulent transfer as it does not deprive any creditors of their claim and is thus not voidable

99. Defendant Natasha reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

100. Defendant Natasha hereby requests an Article III jury trial on all issues.

Wherefore the Plaintiff's claims be dismissed with prejudice.

Dated: New York
       February 1, 2013.

                                    */s/ karamvir dahiya*
                                    Karamvir Dahiya, Esq. for Natasha Caicedo