**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

MARLENE CAMACHO
and DIEGO CAMACHO,

Debtors.

Chapter 7

Case No: 12-43472 (CEC)

-------------------------------------------------------------------x
GREGORY MESSER, ESQ., as Trustee of the estate
of Marlene Camacho and Diego Camacho,

Adv. Pro. No. 12-01318 (CEC)

Plaintiff,

-against-

JORGE H. CAICEDO
and NATASHA CAICEDO,

Defendants.
-------------------------------------------------------------------x

## STIPULATION AND ORDER EXTENDING DISCOVERY

**WHEREAS**, on May 11, 2012 (the "**Filing Date**"), Marlene Camacho ("**Marlene**") and Diego Camacho ("**Diego**", and together with Marlene, the "**Debtors**") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York; and

**WHEREAS**, by Notice of Appointment, Gregory Messer, Esq. was appointed the interim Chapter 7 Trustee (the "**Trustee**" or "**Plaintiff**") of the Debtors' estate and has since duly qualified as the permanent Trustee in this proceeding; and

**WHEREAS**, by complaint dated November 21, 2012 (the "**Complaint**"), the Trustee commenced an adversary proceeding (the "**Adversary Proceeding**") against Natasha Caicedo ("**Natasha**") and Jorge H. Caicedo ("**Jorge**", and together with Natasha, the "**Defendants**") under 11 U.S.C. §§ 105, 323, 363(h), 541, 542, 544(b) and 550, New York State Debtor and Creditor Law § 272, et. seq., the New York common law, and Rules 6009 and 7001 of the

Federal Rules of Bankruptcy Procedure and the general equitable powers of the Bankruptcy Court, to avoid and recover the pre-petition transfer of the real property located at, and known as, 652 56th Street, Brooklyn, New York 11220, designated Section 3, Block 841, Lot 28 (the "**Real Property**"); and

**WHEREAS**, by Order dated March 27, 2014 [Dkt. No. 10] (the "**Discovery Order**"), the Court directed the parties to complete discovery in connection with the Adversary Proceeding by May 5, 2014; and

**WHEREAS**, in compliance with the Discovery Order, the Plaintiff served discovery demands upon Marlene, Natasha, Jorge and Diego with documents to be produced by April 22, 2014 and depositions to take place the first few days of May 2014 (the "**Plaintiff's Discovery Demands**"); and

**WHEREAS**, counsel to Marlene, Jorge and Natasha has requested an extension of time within which to comply with the Plaintiff's Discovery Demands; and

**WHEREAS**, in an effort to avoid a dispute regarding discovery, Plaintiff has agreed to an extension of the Debtors' and the Defendants' time within which to comply with the Plaintiff's Discovery Demands.

**NOW, THEREFORE,** the parties have stipulated and agreed as follows:

1. The Plaintiff and the Defendants shall complete discovery by **June 6, 2014**.

2. Marlene and Jorge agree, jointly and severally, to produce all documents responsive to the Plaintiff's Discovery Demands so as to be received by LaMonica Herbst & Maniscalco, LLP **no later than May 12, 2014**.

3. Natasha shall produce an affidavit under the penalties of perjury attesting that she (a) has no knowledge of the facts and circumstances surrounding the underlying issues raised in the Complaint and (b) is not in possession, custody and/or control of any documents responsive to the Plaintiff's Discovery Demands so as to be received by LaMonica Herbst & Maniscalco, LLP **no later than May 12, 2014**.

4. Marlene and Jorge agree, jointly and severally, that they will make themselves available to appear for a deposition at the offices of Trustee, 26 Court Street, 24th Floor, Brooklyn, New York 11242 on a date subsequent to May 12, 2014 and in advance of June 6, 2014.

5.  This Stipulation may be signed in multiple counterparts and by facsimile or e-mail transmission if necessary, each of which, when taken together, shall constitute one (1) executed original.

| | |
|---|---|
| Dated: May 2, 2014<br>Wantagh, New York | Dated: May 2, 2014<br>New York, New York |
| **LaMonica Herbst & Maniscalco, LLP**<br>Attorneys for the Trustee | **Dahiya Law Offices, LLC**<br>Attorneys for Marlene Camacho, Jorge H. Caicedo and Natasha Caicedo |
| By:  *s/ David A. Blansky*<br>David A. Blansky, Esq.<br>Jordan Pilevsky, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500 | By:  *s/ Karamvir Dahiya*<br>Karamvir Dahiya, Esq.<br>75 Maiden Lane, Suite 506<br>New York, New York 10038<br>(212) 766-8000 |

**SO ORDERED:**

**Dated: Brooklyn, New York**
**May 9, 2014**



_____
 **Carla E. Craig**
 **United States Bankruptcy Judge**